UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ANNIA ESCALONA, an individual,

       Plaintiff,

v.                               Case No:   2:16-cv-302-FtM-99CM

GULF COAST READERS, INC., a
Florida profit corporation, ARCO
MEDIA, INC., a Florida profit
corporation, ANTHONY E.
MOULDER, an individual, and
RHONDA MOULDER, an
individual,

       Defendants.

_____

## ORDER

This matter comes before the Court upon review of Plaintiff's Motion for Clerk's Default Against Defendants with Incorporated Memorandum of Law (Doc. 16) filed on June 15, 2016. Plaintiff Annia Escalona moves, pursuant to Federal Rule of Civil Procedure 55(a), for entry of Clerk's default against Defendants Gulf Coast Readers, Inc. ("Gulf Coast"), Arco Media, Inc. ("Arco"), Anthony E. Moulder, and Rhonda Moulder. For the reasons that follow, the motion is due to be granted.

Pursuant to Rule 55(a), Federal Rules of Civil Procedure, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Similarly, Middle District of Florida Local Rule 1.07(b) provides:

> When service of process has been effected but no appearance or response is made within the time and manner provided by Rule 12, Fed. R. Civ. P., the party effecting service shall promptly apply to the Clerk for entry of default pursuant to Rule 55(a), Fed. R. Civ. P.

M.D. Fla. R. 1.07(b).  Prior to directing the Clerk to enter a default, the Court must first determine whether Plaintiff properly effected service of process.  *United States v. Donald,* No. 3:09-cv-147-J-32HTS, 2009 WL 1810357, at *1 (M.D. Fla. June 24, 2009).

As to Defendants Anthony E. Moulder and Rhonda Moulder, the Federal Rules of Civil Procedure allow for personal service upon an individual within a judicial district of the United States.  Fed. R. Civ. P. 4(e)(2)(A).  The process server may deliver a copy of the summons and complaint to the individual personally, or "at the individual's dwelling or usual place of abode or with someone of suitable age and discretion who resides there."  Fed. R. Civ. P. 4(e)(2)(A),(B).  Alternatively, the Court may follow "state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made."  Fed. R. Civ. P. 4(e)(1).  In Florida, service of original process may be made on an individual by leaving a copy of the complaint, petition, or other initial pleading "at his or her usual place of abode with any person residing therein who is fifteen years of age or older and informing the person of their contents."  Fla. Stat. §48.031(1)(a).

For Anthony E. Moulder, the Return of Service (Doc. 9) states that on May 3, 2016, a process server from South Florida Legal Services of Naples delivered a true copy of the Summons in a Civil Action, Complaint, and Demand for Jury Trial upon Nicole Reynolds, a co-resident who is fifteen years of age or older that was informed

of the content therein, at 910 W. Cape Estates, Cape Coral, FL 33993.  Doc. 9.  For Rhonda Moulder, the Return of Service (Doc. 11) states that on May 3, 2016, a process server from South Florida Legal Services of Naples delivered a true copy of the Summons in a Civil Action, Complaint, and Demand for Jury Trial upon Rhonda Moulder at 1708 Palaco Grande Pkwy., Cape Coral, FL 33904.  Doc. 11.  Affidavits by process servers constitute a prima facie showing that defendants have been served. *Udoinyion v. The Guardian Security,* 440 F. App'x 731, 735 (11th Cir. 2011) (unsworn and unsigned letters insufficient to call into question prima facie evidence of service consisting of process server's sworn return); *Burger King Corp. v. Eupierre,* Case No. 12-20197-CIV, 2012 WL 2192438, at *2 (S.D. Fla. June 14, 2012).  Service of process therefore was properly effected under Federal Rule of Civil Procedure 4(e)(2).

As to Defendants Gulf Coast and Arco, service on a corporation can be made by any manner accepted in the state or "by delivering a copy of the summons and the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process[.]"  Fed. R. Civ. P. 4(h)(1)(A), (e)(1).  Section 48.081, Florida Statutes, provides a hierarchy for service of process upon a corporation.  A private corporation may be served by serving process on the president, vice president, or other head of the corporation, and in the absence of any such persons, on other corporate employees, including any officer or director.  Fla. Stat. § 48.081(1)(a)-(d).  As an alternative, process may be served on a registered agent of the corporation or an employee of the registered agent.  *Id.* § 48.081(3)(a).  If service cannot be made on the registered agent, service of process is permitted on any

- 3 -

employee at the corporation's principal place of business or any employee of the registered agent. *Id.*

For Gulf Coast, the Return of Service (Doc. 12) states that on May 3, 2016, a process server for South Florida Legal Services of Naples delivered a true copy of the Summons in a Civil Action, Complaint, and Demand for Jury Trial upon Rhonda Moulder, registered agent[1] for Gulf Coast, at 1708 Palaco Grande Pkwy., Cape Coral, FL 33904. Doc. 12. For Arco, the Return of Service (Doc. 10) states that on May 3, 2016, a process server for South Florida Legal Services of Naples delivered a true copy of the Summons in a Civil Action, Complaint, and Demand for Jury Trial upon Nicole Reynolds,[2] a co-resident of the registered agent for Arco, at 910 W. Cape Estates, Cape Coral, FL 33993. Doc. 10. Service of process therefore was properly effected under Federal Rule of Civil Procedure 4(h)(1)(A), (e)(1); Fla. Stat. §48.081(3)(a).

Pursuant to Federal Rule of Civil Procedure 12(a)(1)(A), a defendant must serve an answer within 21 days after being served with the summons and complaint. Defendants have failed to do so within the time period; therefore, the entry of Clerk's Default pursuant to Federal Rule of Civil Procedure 55(a) and Middle District of Florida Local Rule 1.07(b) is appropriate.

---

[1] The Return of Service (Doc. 12) identifies Rhonda Moulder as "Authorized Agent" for Defendant Gulf Coast. According to www.sunbiz.org, Rhonda Moulder is the registered agent of Defendant Gulf Coast.

[2] According to www.sunbiz.org, Defendant Anthony E. Moulder is the registered agent for Defendant Arco. Defendant Anthony E. Moulder's listed address is a residence. The Court has previously allowed service of process on a co-resident of a registered agent for a Defendant corporation. *See The Am. Auto. Ass'n, Inc. v. AAA Locksmith Inc.,* Case No. 2:15-cv-453-FtM-99CM, 2015 WL 6445608, at *2 (M.D. Fla. Oct. 23, 2015).

ACCORDINGLY, it is hereby

**ORDERED:**

Plaintiff's Motion for Clerk's Default Against Defendants with Incorporated Memorandum of Law (Doc. 16) is **GRANTED.** The Clerk is directed to enter a Clerk's Default against Defendants Gulf Coast Readers, Inc., Arco Media, Inc., Anthony E. Moulder, and Rhonda Moulder.

**DONE** and **ORDERED** in Fort Myers, Florida on this 29th day of June, 2016.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record