UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ANNIA ESCALONA, an individual

       Plaintiff,

v.                                Case No:   2:16-cv-302-FtM-38CM

GULF COAST READERS, INC., a
Florida profit corporation, ARCO
MEDIA, INC., a Florida profit
corporation, ANTHONY E.
MOULDER, an individual, and
RHONDA MOULDER, an individual,

       Defendants.

_____/

## **ORDER**[1]

    This matter is before the Court on review of Plaintiff, Annia Escalona's Motion for Default Judgment (Doc. #20) filed on September 28, 2016.  In support, Escalona filed the Declaration of her counsel of record, Bradley Paul Rothman (Doc. #20-4).  Defendants, Gulf Coast Readers, Inc., Arco Media, Inc., Anthony E. Moulder, and Rhonda Moulder (collectively "Defendants") have not filed a response in opposition, and the time to do so has expired.  Thus, the matter is now ripe for review.

---

[1] Disclaimer:  Documents filed in CM/ECF may contain hyperlinks to other documents or Web sites.  These hyperlinks are provided only for users' convenience.  Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees.  By allowing hyperlinks to other Web sites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites.  Likewise, the Court has no agreements with any of these third parties or their Web sites.  The Court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

**BACKGROUND**

On March 10, 2015, Escalona filed a one-count Complaint against the Defendants, alleging that they failed to pay her minimum wage for hours she worked from December 1, 2015 through December 17, 2015, in violation of the Fair Labor Standards Act (FLSA). (Doc. # 1 at ¶¶ 1, 20).  Specifically, Escalona alleges that she was employed by the Defendants from approximately 2010 through December 17, 2015, and that at some point prior to December 17, 2015, she lodged a sexual harassment complaint with the Defendant.[2]  (Doc. #1 at ¶ 20).  While it is unclear if Escalona was subsequently terminated or quit on her own volition, her employment with the Defendants ceased on December 17, 2015.  (Doc. #1 at ¶ 20).  She claims that Defendants retaliated against her by withholding her pay from December 1, 2015 to December 17, 2015.  (Doc. #1 at ¶ 20).

Escalona served Defendants with the Complaint on May 3, 2016.  (Docs. #9, #10, #11, #12).  Despite service, Defendants have failed to make an appearance in the case. Thereafter, Escalona moved for, and was granted, a Clerk's Default on June 29, 2016. (Doc. #17).   Escalona now moves for default final judgment, seeking relief under 29 U.S.C. § 206 for failure to pay her wages; an award of liquidated damages in an amount equal to the federal minimum wage compensation owed under 29 U.S.C. §216(b); and

---

[2] Although Escalona suggests that Defendants retaliated against her for complaining about sexual harassment, she is not seek damages for retaliation under 29 U.S.C. § 215(a)(3).

an award of post-judgment interest, reasonable attorneys' fees, and costs under 29 U.S.C. § 216(b).  (Doc. #1 at ¶ 28).

## LEGAL STANDARD

Federal Rule of Civil Procedure 55 establishes a two-step procedure for obtaining default judgment.  *See* Fed. R. Civ. P. 55.  First, when a defendant fails to plead or otherwise defend a lawsuit, the clerk of the court must enter a clerk's default against the defendant.  *Cohan v. Rist Properties, LLC*, No. 2:14-cv-439-FTM, 2015 WL 224640, at *1-2 (M.D. Fla. Jan. 15, 2015) (citing Fed. R. Civ. P. 55(a)).  Second, after receiving the clerk's default, the court can enter a default judgment provided the defendant is not an infant or incompetent.  *Id.* (citing Fed. R. Civ. P. 55(b)(2)); *see also Solaroll Shade & Shutter Corp. v. Bio-Energy Sys., Inc.*, 803 F.2d 1130, 1134 (11th Cir. 1986) (stating a default judgment may be entered "against a defendant who never appears or answers a complaint, for in such circumstances the case never has been placed at issue").

An entry of a clerk's default, however, does not *per se* warrant an entry of default judgment.  Rather, a court may enter a default judgment only if "the well-pleaded allegations in the complaint, which are taken as true due to the default, actually state a substantive cause of action and that there is a substantive, sufficient basis in the pleadings for the particular relief sought."  *Tyco Fire & Sec., LLC v. Alcocer*, 218 F. App'x 860, 863 (11th Cir. 2007); *Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975).  "The defendant, by his default, admits the plaintiff's well-pleaded allegations of fact . . . A default judgment is unassailable on the merits but only so far as it is supported by well-pleaded allegations, assumed to be true."  *Nishimatsu*, 515 F.2d at 1206.  "The defendant is not held to admit facts that are not well-pleaded or

to admit conclusions of law . . . a default is not treated as an absolute confession of the defendant of his liability and of the plaintiff's right to recover." *Id.*  In considering a motion for default judgment, courts must "examine the sufficiency of plaintiff's allegations to determine whether the plaintiff is entitled to" relief.  *PNC Bank, N.A. v. Starlight Props. & Holdings, LLC*, No. 6:13-cv-408, 2014 WL 2574040, at *1 (M.D. Fla. June 9, 2014) (internal citation omitted).

## DISCUSSION

### I.    Minimum Wage Compensation Due Under FLSA

In order for a plaintiff to prevail on a claim for payment of minimum wages, he or she must meet the requirements set forth in FLSA, 29 U.S.C. § 206, which provides that "[e]very employer shall pay to each of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, wages…" in accordance with the minimum wage requirements.   Pursuant to 29 U.S.C. § 203(s), "enterprise engaged in commerce or in the production of goods for commerce" means an enterprise that:

> (A)(i) has employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and

> (ii) is an enterprise whose annual gross volume of sales made or business done is not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

29 U.S.C. § 203(s)(1).

In the Complaint, Escalona alleges that she was employed by Defendants and engaged in the commerce or production of goods for commerce and that Defendants had

an annual gross sales volume of not less than $500,000.  (Doc. #1 at ¶¶ 15-17).  Taking these allegations as true when determining default, Plaintiff has adequately pled that she is entitled to minimum wage compensation under the FLSA.

In support of the amount of wages she is due, Plaintiff submitted her Declaration, in which she states that from December 1, 2015 through December 17, 2015, she worked on a full-time basis but received no compensation.  (Doc. #20-1).  This time period represents 93.6 hours of work, multiplied by $8.50 per hour which is the minimum wage rate in Florida, which totals $753.48 in minimum wages.  (*Id.*; Doc. #20, p. 8).

In further regards to liability, Escalona alleges that all Defendants are joint employers under the FLSA as Defendants Gulf Coast Readers, Inc. and Arco Media, Inc. were owned and operated by Defendants Anthony E. Moulder and Rhonda Moulder. (Doc. #1 at ¶¶ 7-8).  Plaintiff alleges that Anthony and Rhonda exercised authority to hire and fire employees, determine their work schedules, and controlled the finances of the corporation.  (*Id.* at ¶ 8).  "The overwhelming weight of authority is that a corporate officer with operational control of a corporation's covered enterprise is an employer along with the corporation, jointly and severally liable under the FLSA for unpaid wages."  *Patel v. Wargo*, 803 F.2d 632, 637-38 (11th Cir. 1986) (quoting *Donovan v. Agnew*, 712 F.2d 1509, 1511 (1st Cir. 2983)).  Based upon Plaintiff's allegations, the Court finds that Defendants are jointly and severally liable for Plaintiff's unpaid wages.

## II.    Liquidated Damages

"Any employer who violates the provisions of sections 206 or section 207 of…[the FLSA] shall be liable to the employee…affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional

equal amount as liquidated damages." 29 U.S.C. § 216(b).  In this regard, Plaintiff alleges that Defendants intentionally withheld Plaintiff's final paycheck in retaliation for Plaintiff making a complaint of sexual harassment in the workplace.  (Doc. #1 at ¶ 20).

Based upon Plaintiff's well-pled allegations and Defendants' failure to oppose the imposition of liquidated damages, the Court finds that Plaintiff is entitled to liquidated damages.  As previously noted, courts in the Middle District of Florida have found defendants jointly and severally liable for the purposes of liquidated damages.  *Wallace v. The Kiwi Grp., Inc.*, 247 F.R.D. 679, 684 (M.D. Fla. 2008).

### III.    Attorney's Fees and Costs

The plain language of 29 U.S.C. § 216(b) states that when a plaintiff prevails in a cause of action under the FLSA "[t]he court…shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b).  A reasonable hourly rate is based "according to the prevailing market rates in the relevant community." *Gaines v. Dougherty County Bd. Of Educ.*, 775 F.2d 1565, 1571 (11th Cir. 1985).  "The fee applicant bears the burden of . . . documenting the appropriate hours and hourly rates." *ACLU v. Barnes*, 168 F.3d 423, 427 (11th Cir. 1999).  Furthermore, courts in the Middle District of Florida have ordered defendants, jointly and severally, to pay attorney's fees and costs in addition to the unpaid wages and liquidated damages. *Wallace v. The Kiwi Grp., Inc.*, 247 F.R.D. 679, 684 (M.D. Fla. 2008).

Here, Escalona seeks $3,185.00 in attorney's fees for the services provided by her attorney in connection with this case, plus reimbursement for the filing fee of $400.00.  In support, Plaintiff submitted the declaration of her counsel, Bradley P. Rothman, Esq., as

well as Mr. Rothman's time records.   (Doc. #20-3; Doc. #20-4).  Mr. Rothman sets forth the number of years he has been in practice (13), as well as his experience in the area of employment law, in support of his $350.00 per hour rate.  Upon review, the Court finds this reasonable in the absence of objection, and awards Plaintiff this amount.  With regard to the filing fee, the Eleventh Circuit has held that in FLSA cases, courts may award as costs those expenses permitted by 28 U.S.C. § 1920.  *Glenn v. Gen. Motors Corp.*, 841 F.2d 1567, 1575 (11th Cir. 1988).  The filing fee and costs of service are permitted under § 1920.  *See EEOC v. W & O, Inc.*, 213 F.3d 600, 624 (11th Cir. 2000).

## CONCLUSION

Taking the well-pled factual allegations in the Complaint as true and considering evidence in support of the request for default judgment, the Court finds that a default judgment is warranted.  Escalona is entitled to damages for unpaid wages in the amount of $753.48, liquidated damages in the amount of $753.48, attorney's fees in the amount of $3,185.00, and reimbursement of the $400.00 filing fee against the Defendants jointly and severally.

Accordingly, it is now

**ORDERED:**

(1)     Plaintiff, Annia Escalona's Motion for Default Judgment against Defendants (Doc. #20) is **GRANTED** and judgment shall issue in favor of Plaintiff and against Defendants as provided herein.

a. Plaintiff is awarded statutory damages, including liquidated damages, against Defendants jointly and severally in the amount of **$1,506.96**.

      b.  Plaintiff is awarded **$3,185.00** in attorney's fees and **$400.00** in costs incurred as the prevailing party pursuant to 29 U.S.C. § 216(b) against Defendants jointly and severally.

    (2)    The Clerk of Court is **DIRECTED** to enter judgment accordingly, terminate all deadlines, and close the file.

    **DONE** and **ORDERED** in Fort Myers, Florida this 29th day of November, 2016.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record