UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ANNIA ESCALONA, an individual

       Plaintiff,

v.                                                                              Case No: 2:16-cv-302-FtM-38CM

GULF COAST READERS, INC.,
ARCO MEDIA, INC., RHONDA
MOULDER and ANTHONY E.
MOULDER,

       Defendants.

## REPORT AND RECOMMENDATION

This matter comes before the Court upon review of Plaintiff's Motion to Release Funds (Doc. 34), construed as a Motion for Final Judgment of Garnishment[1] Against Garnishee Bank of the Ozarks, filed on December 12, 2017. Plaintiff seeks to have the Court order garnishee, Bank of the Ozarks, to release $5,091.96 to satisfy the judgment (Doc. 23) against Defendants. Doc. 34 at 3. Plaintiff also seeks to have

---

[1] Although Plaintiff filed a motion to "release funds," the Court has found no precedent or authority for such a motion. Accordingly, the Court construes Plaintiff's motion as a Motion for Final Judgment of Garnishment and will issue a report and recommendation on the motion for the district judge's consideration. *See Santos v. Taste 1 Group, LLC*, Case No. 3:14-cv-383-J-34JBT, 2017 WL 4792214 (M.D. Fla. Oct. 23, 2017) (issuing a report and recommendation on Plaintiff's Motion for Final Judgment of Garnishment); *Briggs v. Action Center Moving & Storage Co.*, Case No. 6:11-cv-978-Orl-22GJK, 2013 WL 686828 (M.D. Fla. Feb. 8, 2013) (interpreting the Local Rules for the Middle District of Florida as denying magistrate judges jurisdiction to enter judgment for writs of garnishment and entering a report and recommendation).

the Court award, and order Garnishee to relinquish, an additional $160.00 in court costs Plaintiff has incurred in satisfying the judgment.  *Id.*

On November 29, 2016, Plaintiff obtained default judgment against all Defendants.  Doc. 22.  Plaintiff was awarded statutory damages, including liquidated damages, against Defendants jointly and severally in the amount of $1,506.96.  *Id.* at 7.  Plaintiff also was awarded $3,185.00 in attorney's fees and $400.00 in costs pursuant to 29 U.S.C. § 216(b), also against Defendants jointly and severally.  *Id.* at 8.  Judgment was entered against Defendants on December 2, 2016.  Doc. 23.

Subsequently, the Court issued a Writ of Garnishment to Bank of the Ozarks in the amount of $5,091.96, summoning Bank of the Ozarks to serve an answer stating whether it was indebted to Defendants.  Doc. 26.  On August 10, 2017, Bank of the Ozarks filed an Answer to the Writ of Garnishment, stating that it was not indebted to Defendants, but it was in possession of a deposit account belonging to Gulf Coast Readers, Inc. ("GCR").[2]  Doc. 28 ¶ 3.  On August 15, 2017, Plaintiff filed a Notice to Defendants of Writ of Garnishment Pursuant to Section 77.055, Florida Statutes and Certificate of Service.  Doc. 29.  Plaintiff stated she served this notice

---

[2] In addition to stating that it was in possession of a deposit account belonging to Defendant GCR, Bank of the Ozarks demanded "judgment against the party liable for the Garnishee's attorneys' fees, costs, and expenses."  Doc. 28 at 2.  Pursuant to Section 77.28, Florida Statutes, "on rendering final judgment, the court shall determine the garnishee's costs and expenses, including a reasonable attorney's fee, and in the event of a judgment in favor of the plaintiff, the amount is subject to offset by the garnishee against the defendant whose property or debt is being garnished."  No motion has been filed by Garnishee Bank of the Ozarks from which the Court can make a recommendation as to reasonable attorney's fees in this case.  *See* Docs. 1-34.

upon Defendants on August 15, 2017, and advised Defendants that they must move to dissolve the Writ of Garnishment on or before September 4, 2017.  *Id.*  On August 30, 2017, Plaintiff filed a motion to nullify Defendant Moulder's claim of exemption, stating Moulder did not properly file his claim of exemption with the Court, but mailed it to Plaintiff's counsel only.  Doc. 31 at 4.  The undersigned subsequently granted Plaintiff's motion to nullify Moulder's claim of exemption (Doc. 33), and on December 12, 2017 Plaintiff filed this motion seeking to have Bank of the Ozarks release the garnished funds.  Doc. 34.

When obtaining a garnishment on a money judgment obtained in federal court, the party seeking the garnishment must follow the procedure of the state where the court is located — here, Florida.  Fed. R. Civ. P. 69(a)(1).  According to Section 77.083, Florida Statutes, judgment against the garnishee on the garnishee's answer "shall be entered for the amount of his or her liability as disclosed by the answer." (1995).  "No judgment in excess of the amount remaining unpaid on the final judgment against the defendant . . . shall be entered against the garnishee."  *Id.*

Here, the amount remaining unpaid on the final judgment against the defendant is $1,506.96 in statutory damages, $3,185.00 in attorney's fees, and $400.00 in costs, for a total of $5,091.96.  *See* Doc. 22 at 7-8, Doc. 23 at 1.  Accordingly, the undersigned can only recommend that judgment be entered against the garnishee up to a total of $5,091.96.  *See* Fla. Stat. § 77.083.  Because the garnishee's answer indicates that it is in possession of a deposit account belonging to GCR in the amount of $77,073.56 (Doc. 28 ¶ 3), the Court recommends that judgment

be entered against the garnishee, Bank of the Ozarks, for the full amount remaining unpaid on the final judgment: $5,091.96.  *See* Doc. 22 at 7-8, Doc. 23 at 1; *see also*, Fla. Stat. § 77.083.  The undersigned recommends denying without prejudice Plaintiff's request for an additional $160.00 in court costs to satisfy the judgment with leave for Plaintiff to file an appropriate motion and supplemental brief on the Court's authority to grant such a request.

ACCORDINGLY, it is respectfully

**RECOMMENDED:**

1. That Plaintiff's Motion to Release Funds (Doc. 34), construed as a Motion for Final Judgment of Garnishment Against Garnishee Bank of the Ozarks be **GRANTED in part** and that the Clerk be directed to enter judgment against garnishee, Bank of the Ozarks, for the total amount of $5,091.96.

2. That Plaintiff's Motion to Release Funds (Doc. 34), construed as a Motion for Judgment Against Garnishee Bank of the Ozarks, be **DENIED in part without prejudice** with respect to Plaintiff's request for an additional award of $160.00 in court costs for supplementary proceedings.

3. That Plaintiff be permitted to file an appropriate motion and supplemental brief on the Court's authority to grant Plaintiff's request for an additional award of $160.00 in court costs for supplementary proceedings and for judgment against garnishee, Bank of the Ozarks, for such amount.

**DONE** and **ENTERED** in Fort Myers, Florida on this 2nd day of January, 2018.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record